

# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

IN RE: SEIZURE WARRANT  |  No. 3:24-mc-31_____ (TOF)

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEIZURE WARRANT

I, Geoffrey Goodwin, being duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I am a Special Agent with Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"). I have been a Special Agent with HSI since February 2006 and am currently assigned to the Hartford, CT Office of Investigations. As a Special Agent with HSI, I have conducted and participated in investigations involving identity theft, access device fraud, wire fraud, mail fraud, bank fraud and other financial crimes. I have further obtained and executed both search and arrest warrants. As an HSI Special Agent, I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code. That is, I am an officer of the United States, who is empowered by law to conduct investigations of and make arrests for offenses enumerated in Title 18 of the United States Code.

2. I make this affidavit pursuant to 18 U.S.C. § 1343, Wire Fraud, and 18 U.S.C. § 1956, Money Laundering, in support of an application for a seizure warrant for the funds contained within Truist Bank accounts ending 4249, held in the name of Robin Klob (TARGET ACCOUNT 1) and 1088, held in the name of E Lewiston Investments LLC (TARGET ACCOUNT 2), collectively referred to as the TARGET ACCOUNTS.

3. I believe that probable cause exists to show that the funds contained within the

TARGET ACCOUNTS were obtained knowingly by a scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice in violation of 18 U.S.C. § 1343, and that these funds are subject to forfeiture pursuant to civil forfeiture under 18 U.S.C. § 981(a)(1)(C) for the forfeiture of property which constitutes or is derived from proceeds traceable to an offense constituting "specified unlawful activity" (as defined in 18 U.S.C. §§ 1956(c)(7) and 1961(1)), namely wire fraud in violation of 18 U.S.C. § 1343, or conspiracy to commit such offense, and criminal forfeiture under 18 U.S.C. 981(a)(1)(A) via 18 U.S.C. § 1956(c)(7)(A) (defining specified unlawful activities to include offenses listed in 18 U.S.C. § 1961(1)), 18 U.S.C. § 1961(1) (covering 18 U.S.C. § 1343), and 28 U.S.C. § 2461 (permitting criminal forfeiture if civil forfeiture is permitted) for violations of 18 U.S.C. § 1343.

4.   Additionally, I believe that the TARGET ACCOUNTS were involved in Money Laundering in violation of 18 U.S.C. § 1956 and are subject to civil forfeiture under 18 U.S.C. § 981(a)(1)(A) and criminal forfeiture under 18 U.S.C. § 982(a)(1).

5.   I request that the Court issue a seizure warrant for the TARGET ACCOUNTS and the contents therein.

6.   The facts in this Affidavit come from my personal observations, my training and experience, witness information, and information obtained from other law enforcement officers. This Affidavit is intended to show merely that there is sufficient probable cause for the issuance of the requested seizure warrants and does not set forth all of the information law enforcement officers have learned in this investigation.

**BACKGROUND OF INVESTIGATION**

7.      I am currently investigating a fraud scheme in which at least one individual, believed to be Robin KLOB, took various steps to defraud multiple known victims in this case, while conducting activities as a "money mule" as part of a "romance fraud" scheme in which she was also victimized. Aside from KLOB, the victims appeared to have been victimized as part of a "business email compromise" scheme.

8.      A "romance fraud" scheme occurs when a criminal adopts a fake online identity to gain a victim's affection and trust. The fraudster then uses the illusion of a romantic or close relationship to manipulate the victim into taking certain actions, such as opening bank accounts or conducting various money transfers, as well as potentially stealing directly from the victim.

9.      A "money mule" is someone who receives and moves money that came from victims of fraud. Often "romance fraud" victims are converted into "money mules" because of the directions of the fraudster, and often times "romance fraud" victims do not realize they are engaged in unlawful activity due to their perceived romantic relationship with the fraudster.

10.     A "business email compromise" scheme is a type of phishing attack that targets organizations, with the goal of stealing money or critical information. The culprit often poses as a trusted figure then asks for a fake bill to be paid, a real bill to be paid to a fraudster's bank account, or to be provided with sensitive data that the fraudster can use in another scam.

**FACTS IN SUPPORT OF PROBABLE CAUSE**

11.     On December 12, 2022, Windsor Police Department (WPD) Officer (OFCR) Michael Tustin was dispatched 123 Day Hill Road, Specialty Printing Limited Liability Corporation (LLC), regarding a fraud complaint. Upon arrival, WPD OFCR Tustin spoke with Joseph O'Brien, the Vice President of finance for Specialty Printing LLC.

12. According to O'Brien, Specialty Printing LLC Account Manager Susan Nawrocki received an email from a vendor who identified herself as Gina Battista, a customer service representative for Avery Dennison. Avery Dennison is a company which Specialty Printing LLC has done business with for numerous years. That email articulated that Avery Dennison had changed banks, and thus provided Nawrocki with a new account number for Automatic Clearing House (ACH) Payments. Specifically, that email originated from email address ap@arpayables.com, and the email specified to utilize TD Bank account number ending 2632.

13. O'Brien stated that on November 23, 2022, a payment was sent from Specialty Printing LLC's Liberty Bank account to that account ending 1602 in the amount of $560,589.34 United States Dollars (USD) per the aforementioned instructions. Below is a visual depiction of that transaction:



14. O'Brien also provided a copy of the memo from Avery Dennison articulating this account change request, and O'Brien specified that this ACH amount was considered a "normal" amount for business between Specialty Printing LLC and Avery Dennison.

15. O'Brien further stated that on November 30, 2022, a true and authentic representative from Avery Dennison contacted Specialty Printing LLC inquiring about the outstanding bill that had not been paid as of that date. Specialty Printing LLC then reviewed the aforementioned email and determined that they had been victimized from a "business email compromise/phishing" scam. O'Brien stated that a fraud complaint was lodged with Liberty Bank.

4

16. On January 19, 2023, WPD Detective (DET) Nicole Alberti spoke with O'Brien telephonically, and O'Brien confirmed that the correct email for Gina Battista, employee at Avery Dennison, is gina.battista@averydennison.com. On September 12, 2023, your Affiant met with WPD DET Alberti who provided the above information, as well as various information obtained through the WPD investigation.

17. As of February 9, 2024, your Affiant had received various Grand Jury subpoena responses in this investigation and discovered that the November 23, 2022, wire transfer of $560,589.34 UDS from Specialty Printing LLC's Liberty Bank account ending 1602 was deposited into TD Bank account number ending 2632 in the name of E Lewiston Investments LLC. Bank records show that account was opened on or around October 25, 2022, and listed KLOB as the authorized signer on the account.

18. Further records show that on November 28, 2022, $150,000.00 USD was transferred from TD Bank account number ending 2632 in the name of E Lewiston Investments LLC to TD Bank account number ending 5261, in the name of Robin KLOB. This was followed by a subsequent transfer of $100,000.00 USD, also on November 28, 2022, and again from TD Bank account number 4418922632 to TD Bank account 4418955261. A third wire transfer occurred on November 29, 2022, in the amount of $145,000.00 USD, and again was from TD Bank account ending 2632 to TD Bank account ending 5261. The aggregate total of these 3 transfers was approximately $395,000.00 USD.

19. Records also show that a check for $300,000.00 USD was written from TD Bank account ending 2632 on November 28, 2022, and was deposited into JP Morgan Chase bank account ending 8133 in the name of Beverly Galyean. As of February 29, 2024, JP Morgan Chase bank account ending 8133 in the name of Galyean was closed and had no funds available.

20. Additionally, records show that on November 29, 2022, a wire transfer of $240,000.00 USD was sent from TD Bank account ending 5261 in the name of KLOB to a Cryptocurrency account at MCB Foris. Furthermore, a second wire transfer, this time for $145,000.00 USD and also on November 29, 2022, was sent from TD Bank account ending 5261 again to Cryptocurrency account at MCB Foris. The aggregate total of these 2 transfers was approximately $385,000.00 USD. Below is a visual depiction of the TD Bank related activities articulated in the above paragraphs:



21. Also, bank records show that TD Bank account ending 2632 in the name of E Lewiston Investments LLC had an ending balance of $7,774.69 USD before it was closed on December 12, 2022. Also, TD Bank account ending 55261 had an ending balance of $10,004.50 USD before it was also closed on December 12, 2022. However, on March 6, 2024, your Affiant spoke with Investigators with TD Bank who confirmed that all funds had been returned to Liberty Bank.

22. Further investigation showed numerous additional bank accounts listed to KLOB and/or E Lewiston Investments LLC, including one JP Morgan Chase account, two PNC Bank

6

accounts, and three Truist Bank accounts, including Truist Bank account ending 4249 (TARGET ACCOUNT 1) registered to KLOB, account number ending 1088 (TARGET ACCOUNT 2) registered to E Lewiston Investment LLC with KLOB as a listed signer, collectively referred to as the TARGET ACCOUNTS. Based upon your Affiant's training and experience, it is common for "money mules" to open numerous bank accounts in order to avoid detection and prevent interruption of the movement of illicit funds.

23. Based upon your Affiant's training and experience, a review of records connected to the TARGET ACCOUNTS showed activity consistent with "money mule" activity. Specifically, records show that TARGET ACCOUNT 1 was opened on or around August 9, 2022, with KLOB as the listed signer of the account. TARGET ACCOUNT 1 showed an incoming account transfer of $94,000.00 USD from TARGET ACCOUNT 2 on August 22, 2022, and a subsequent outgoing wire transfer of $87,000.00 USD on August 24, 2022. No additional significant activity was seen in TARGET ACCOUNT 1 after August 24, 2022.

24. TARGET ACCOUNT 2 showed an incoming wire transfer on August 19, 2022, for $102,048.64 USD with the aforementioned subsequent account transfer of from TARGET ACCOUNT 2 to TARGET ACCOUNT 1 on August 22, 2022, for $94,000.00 USD. No additional significant activity was seen in TARGET ACCOUNT 2 after August 22, 2022.

25.     Below is a visual depiction of the TARGET ACCOUNTS activities articulated in the above paragraphs:



26.     Records from the State of Florida indicate that KLOB opened E Lewiston Investments as an LLC on or around April 11, 2022. As of February 29, 2024, your affiant had conducted open checks but was unable to find any online presence for E Lewiston Investments LLC. Again, based upon your Affiant's training and experience, it is common for "money mules" to open businesses, commonly referred to as shell corporations, in order to avoid detection and prevent interruption of the movement of illicit funds. Typically, these corporations will lack an online presence because they are not involved in any legitimate business activity.

27.     On February 8, 2024, your Affiant conducted a consensual telephonic interview with KLOB and her Attorney. During that conversation, KLOB stated that she had been "catfished", and that she believed she was involved in a legitimate romantic relationship with an individual she referred to as "James". KLOB stated that, during this relationship, "James" and his associate "Williams" convinced KLOB to open a series of bank accounts, as well as E Lewiston Investments LLC, in furtherance of cryptocurrency and real estate investment plan.

28. KLOB stated that "James" represented himself as working in finance and cryptocurrency. KLOB stated that "James" and his associate "Williams" would tell KLOB when money would be deposited into one of KLOB's accounts, and then what to do with that money.

29. KLOB stated that "James" told KLOB that the money deposited into the various bank accounts connected to KLOB, including the TARGET ACCOUNTS, was "James" money. KLOB stated that "James" would always have a way of talking around KLOB's suspicions.

30. KLOB stated that when various bank accounts connected to KLOB were flagged or frozen by the bank, "James" would convince KLOB that these things "happen all the time", and that "everything was fine".

31. KLOB stated that all of the extraneous accounts opened in connection with the E Lewiston Investments LLC activities, including the TARGET ACCOUNTS, were opened in furtherance of this "money mule" activity. KLOB also stated that the funds contained within the TARGET ACCOUNTS do not belong to KLOB.

32. According to records from Truist Bank, as of December 2023, TARGET ACCOUNT 1 has $7,065.63 USD in the account, while TARGET ACCOUNT 2 has $9,935.00 USD in the account, for a total aggregate amount of $17,000.63 USD amongst the accounts.

## CONCLUSION

33. Based on the foregoing information set forth above, I submit that probable cause exists to believe that the contents of the TARGET ACCOUNTS were obtained from wire fraud in violation of 18 U.S.C. § 1343, and that the TARGET ACCOUNTS are involved in money laundering in violation of 18 U.S.C. § 1956, and I request that the Court issue a seizure warrant pursuant to pursuant to 18 U.S.C. § 981(b), 18 U.S.C. § 982(b)(1), and 21 U.S.C. § 853(f).

34. I request that the Court issue a seizure warrant for the defendant account pursuant to 18 U.S.C. § 981(b).

GEOFFREY M GOODWIN
Digitally signed by GEOFFREY M GOODWIN
Date: 2024.03.15 11:22:33 -04'00'

GEOFFREY GOODWIN
SPECIAL AGENT
HOMELAND SECURITY INVESTIGATIONS

The truth of the foregoing affidavit has been attested to me by Special Agent Geoffrey Goodwin over the telephone on this  18th  day of March, 2024, at  8:15 a.m.  .

Thomas O. Farrish
Date: 2024.03.18 08:22:59 -04'00'

HONORABLE THOMAS O. FARRISH
UNITED STATES MAGISTRATE JUDGE